O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, | ) ) ) | Case No. CV 23-06417 DDP (RAOx) |
| Plaintiff, | ) ) | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR STAY CASE** |
| v. | ) ) | |
| MABRY MANAGEMENT CO., INC., | ) ) | [Dkt 16] |
| Defendants. | ) | |

Presently before the court is Defendant Mabry Management Co., Inc.'s Motion to Stay Case. Having considered the submissions of the parties, the court denies the motion and adopts the following Order.

**I. Background**

Jordan Grossman ("the Tenant") leased residential property owned by Altai Burguin ("the Landlord"). (First Amended Complaint ("FAC") ¶¶ 7-8; Ex. A at 2.) Defendant Mabry Management Co., Inc. ("the Manager") managed the residential property on the Landlord's behalf. (FAC ¶ 8; Ex. A. at 2.)

Plaintiff United States Liability Insurance Company ("USLI") issued a professional liability coverage police to the Manager.

(FAC ¶ 17.)  The policy excluded coverage for loss or defense costs arising from "bodily injury, mental anguish, . . . pain, suffering, . . . emotional distress, or damage to or destruction of any tangible property."  (Id. ¶ 20.)

In November 2020, an explosion and fire destroyed the residential property, allegedly causing the Tenant and his daughter psychological trauma.  (FAC ¶¶ 9-11; Ex. A at 4-5.)  In May 2021, the Tenant filed suit ("the Underlying Action") against the Landlord and the Manager in Los Angeles County Superior Court, alleging various contract and tort claims.  (FAC ¶ 7; Ex. A.).  The Manager tendered the suit to USLI, which agreed in August 2022 to defend the Manager, subject to a reservation of rights, and selected counsel to represent the Manager in the Underlying Action.  (Declaration of David Pierce, Ex. A.)

In November 2022, USLI received a settlement demand from the Tenant for the full policy limit.  (Pierce Decl., Ex. B.)  USLI declined to accept the demand, and informed the Manager as such.  (Id.)  In July 2023, the Manager complained that USLI was not engaging in meaningful, good-faith settlement discussions with the Tenant, and indicated that the Landlord had also threatened to sue the Manager.  (Pierce Decl., Ex. C.)  USLI then filed the instant action on August 8, 2023, seeking a declaratory judgment that the USLI policy does not cover the Tenant's claims.

Soon after, the Landlord sought leave in the Underlying Action to file a cross-complaint against the Manager, and made a settlement demand of the Manager.[1]  The Manager's USLI-selected

---

[1] Several of the Manager's representations about proceedings
(continued...)

2

counsel informed the Manager that counsel would not represent the Manager as to the Landlord's proposed cross-complaint. (Declaration of Howard Weinberg ¶ 3.)  The Manager then retained counsel of his own choosing.  (Pierce Decl., Ex. F.)

According to the Manager, the Underlying Action is set for trial in state court on December 4, 2023.  The Manager now moves to dismiss or stay the instant USLI action, pending the outcome of the Underlying Action.

**II. Discussion**

District courts may, in their discretion, stay or dismiss any action seeking a declaratory judgment.  Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).  That discretion is not, however, "unfettered."  Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998).  Rather, the nonexclusive "philosophic touchstone" for a court's decision should be the factors set forth in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942): (1) avoidance of unnecessary determinations of state law; (2) discouragement of forum shopping; and (3) avoidance of duplicative litigation.  Dizol, 133 F.3d at 1225.  Further relevant considerations include, but are not limited to, whether the action will "serve a useful purpose in clarifying the legal relations at issue" and whether a declaratory action "will result in entanglement between the federal and state court systems."  Id. (quoting American States Ins. Co. v. Kearns, 15 F.3d 142, 145 (9th Cir. 1994)).

---

[1](...continued)
in the Underlying Case are not supported by accurate citations to the record.  Nevertheless, there appears to be no dispute about the proceedings in the Underlying Case.

3

The Manager's discussion of the <u>Brillhart</u> factors is brief, and unpersuasive. The Manager suggests that resolution of this matter will require an "unnecessary declaration of state law" because USLI's claim requires "application of California insurance law." (Mot. at 9.) An application of state law, however, is not rendered "unnecessary" simply because it arises in the context of a freestanding claim for declaratory relief. <u>Continental Casualty Co. v. Robsac Industries</u>, 947 F.2d 1367 (9th Cir. 1991) (overruled on other grounds by <u>Dizol</u>, 133 F.3d at 1227), is not to the contrary. There, a declination of federal jurisdiction "could have avoided a needless determination of state law" because the insured had already sued the insurer in state court. <u>Robsac</u>, 947 F.2d at 1368, 1371 (9th Cir. 1991). Indeed "the concern [as to the 'unnecessary declaration'] factor is with unsettled issues of state law, not fact-finding in the specific case. <u>When state law is unclear</u>, absent a strong countervailing federal interest, the federal court should not elbow its way ... to render what may be an uncertain and ephemeral interpretation of state law." <u>Allstate Ins. Co. v. Davis</u>, 430 F. Supp. 2d 1112, 1120 (D. Haw. 2006) (internal quotation marks, alteration, and citations omitted) (emphasis added). As the Ninth Circuit explained in <u>Dizol</u>, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically. We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." <u>Dizol</u>, 133 F.3d at 1225 (quotation marks omitted).

4

1     The Manager also argues, briefly, that the issues in this action and the Underlying Action overlap because (1) there are allegations in the Underlying Action that the Manager acted willfully and (2) the USLI policy excludes willful conduct. USLI's FAC, however, makes no mention of or allegation regarding willful conduct, or any related exclusion. Rather, USLI's claim for declaratory relief is premised on exclusions of claims related to (1) mental anguish, emotional distress, and destruction of tangible property, and (2) failure to maintain adequate insurance. The only overlap of legal issues is of the Manager's own creation.

    The bulk of the Manager's discussion, and the apparent crux of the argument, centers on the Manager's assertion that it will be prejudiced by having to defend against USLI's claim in this suit while simultaneously preparing for trial in the Underlying Action. (Mot. at 10-13.) Although not framed as such, the Manager appears to be seeking a discretionary stay under the court's inherent powers and pursuant to Landis v. North American Co., 299 U.S. 248 (1936). An applicant for such a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis, 299 U.S. at 255. The Manager has made no such showing here. Although the Manager's attention may be somewhat split between the Underlying Action and this matter, the Manager continues to be represented by USLI-funded counsel in the Underlying Action, at least with respect to the Tenant's claims. The Manager has not, therefore, established the requisite level of prejudice to warrant a discretionary stay. See, e.g., AmTrust Int'l Underwriters Ltd. v. Silver Star Constr. Eng'g,

5

Inc., No. CV184776MWFJEMX, 2018 WL 5819454, at *6 (C.D. Cal. Oct. 30, 2018).[2]

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss or Stay or to Enlarge the Time to Respond is DENIED.

IT IS SO ORDERED.

Dated: November 9, 2023

DEAN D. PREGERSON
United States District Judge

---

[2] For these same reasons, the Manager's request for additional time to respond to the FAC is also denied.